```
         IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF TEXAS
                   DALLAS DIVISION

JENARA STEELE, et al.,          §
                                §
                    Plaintiffs, §
                                § Civil Action No. 3:09-CV-0603-D
VS.                             §
                                §
GREEN TREE SERVICING, LLC,      §
et al.,                         §
                                §
                    Defendants. §
```

MEMORANDUM OPINION
AND ORDER

Treating plaintiffs' motion for "new trial" as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e), the court denies the motion.[1]

I

In its summary judgment decision, the court dismissed this action by plaintiffs Jenara and Shannon Steele ("the Steeles") against defendants Green Tree Servicing, LLC ("Green Tree") and REO Properties Corp. ("REO"). *See Steele v. Green Tree Servicing, LLC*, 2010 WL 3565415, at *6, *11 (N.D. Tex. Sept. 7, 2010) (Fitzwater, C.J.) ("*Steele I*").[2] The Steeles move for a new trial, arguing

---

[1]Plaintiffs filed their motion on November 9, 2010 and defendants responded on November 19, 2010. Because the time for plaintiffs to file a reply brief has elapsed, the motion is ripe for decision.

[2]Although the court filed its memorandum opinion and order on September 7, 2010, it did not enter a final judgment until October 12, 2010. In *Steele I* the court raised *sua sponte* that defendants were entitled to summary judgment on grounds that defendants had not argued. And it separately advised defendants that they could dismiss their counterclaims without prejudice and receive a final

that the court committed manifest errors of fact and law in dismissing their claims. Specifically, the Steeles argue that there are genuine issues of material fact regarding their unreasonable debt collection claim, REO's bond status, and Green Tree's authority to appoint a substitute trustee.

II

The court begins by addressing whether the Steeles's motion should be treated as a motion for "new trial," and concludes that it should not. As the court has explained several times, including in *Artemis Seafood, Inc. v. Butcher's Choice, Inc.*, 1999 WL 1032798 (N.D. Tex. Nov. 10, 1999) (Fitzwater, J.):

> Although denominated as a motion for "new trial," it obviously is not such a motion. As Rule 59(a) makes clear, a motion for new trial is appropriate when the case has been tried to a jury or to the court. The court disposed of this case on motion for summary judgment. *See Patin v. Allied Signal, Inc.*, 77 F.3d 782, 785 n.1 (5th Cir. 1996) ("The Patins' reconsideration motion was styled as a motion for new trial, pursuant to Fed. R. Civ. P. 59(a), but was correctly analyzed and decided in the district court as a Rule 59(e) motion to reconsider entry of summary judgment.").

*Id.* at *1. Accordingly, because the Steeles filed their motion

---

judgment, or they could proceed to trial. The court did not enter a final judgment until it considered plaintiffs' opposition to summary judgment on the grounds raised *sua sponte* and until defendants notified the court that they opted to dismiss their counterclaims without prejudice.

within 28 days of the date the judgment was entered on the docket,[3] it should be treated as a Rule 59(e) motion to alter or amend the judgment. *See id.* (addressing former rule in which applicable period was ten countable days); *see also* Rule 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment.").

III

The court fully considered the Steeles's unreasonable collection efforts claim in *Steele I*. "[T]he Steeles must prove that defendants' debt collection efforts 'amount to a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm.'" *Steele I*, 2010 WL 3565415, at *6 (quoting *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868-69 (Tex. App. 2008, no pet.)). The court held that the Steeles had not adduced evidence that would enable a reasonable trier of fact to find that defendants' tactics were unreasonable under *EMC Mortgage*. *Id.*

The Steeles now argue that defendants sought to collect sums that were not owed to them. The Steeles signed a forbearance agreement on March 7, 2007 that included this acknowledgment: "Borrower has defaulted on the Note and the Mortgage. As of 3/31/2007, the amount due under the terms of the Note is

---

[3]The court entered the judgment on October 12, 2010. The Steeles filed their motion for new trial on November 9, 2010, i.e., within 28 days after the judgment was entered.

$207,132.03 ('Default'), and the current contractual due date is 3/1/2001." Ds. Jan. 5, 2010 App. 35. But on May 6, 2008 Green Tree notified the Steeles by letter that they owed $400,351.43, as of the date of the letter. The Steeles argue that defendants attempted to collect nearly twice the amount owed and that this conduct constitutes a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish.

Defendants respond that the two amounts do not quantify the same obligation. Rather, they maintain that the sum of $400,351.43 represents the total amount the Steeles owed on their loan on May 6, 2008, and the sum of $207,132.03 is the amount that was past due on the Steeles's loan as of March 7, 2007. Defendants cite a January 16, 2009 demand letter and notice of intent to accelerate that demanded $205,298.28 and that stated, in pertinent part: "This letter is a demand for the necessary amount to cure your delinquency." Ps. Sept. 28, 2010 App. 13. The Steeles have not replied to this argument.

The court holds that the Steeles have failed to adduce evidence that creates a genuine issue of material fact whether defendants' debt collection efforts constituted a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm, as required by *EMC Mortgage*. Moreover, the court concludes that a reasonable jury could only find that defendants' interpretation of the documents on

which the Steeles rely—that the March 7, 2007 forbearance agreement and the January 16, 2009 demand letter reflect the amounts that the Steeles *were in arrears*, while the May 6, 2008 letter reflects the total amount of the *loan balance*—is correct. Further, the Steeles have not cited any other evidence that would permit a reasonable jury to reject defendants' explanation of the statements in these documents. The court therefore denies the Steeles's motion on this ground.

IV

In *Steele I* the court held that the Steeles presented no evidence that would permit a reasonable trier of fact to find that REO had attempted to collect a debt and was therefore required to obtain a bond. *Steele I*, 2010 WL 3565415, at *9. The Steeles now argue that REO did not actually assign Green Tree the power to foreclose on the Steeles's property and that REO was therefore actually collecting its own debt through Green Tree.[4]

Defendants maintain that REO assigned to Green Tree the power to collect the Steeles's debt. REO gave Green Tree the power, *inter alia*, to collect past due amounts from borrowers and foreclose delinquent loans by a Limited Power of Attorney executed April 21, 2009, which was effective February 21, 2009. A

---

[4]Because the court holds that a reasonable trier of fact could only find that REO assigned Green Tree the power to foreclose on the Steeles's residence, it need not address whether REO would be a debt collector if it did not assign Green Tree the power to foreclose.

substitute trustee sent the Steeles a notice of non-judicial foreclosure sale on March 16, 2009. The court therefore holds that Green Tree had the power to foreclose on the Steeles's residence on March 16, 2009. The court denies the Steeles's motion on this ground.

V

Finally, the Steeles argue that the court committed a manifest error of fact or law because it did not address their claim that Green Tree lacked the authority to appoint a substitute trustee. The Steeles previously argued this ground in support of their breach of contract claim, apparently alleging that defendants breached the deed of trust by appointing a substitute trustee. *See* Am. Compl. 5 ¶ 17. The court did not need to address this allegation to dismiss the Steeles's breach of contract claim. *See Steele I*, 2010 WL 3565415, at *4-5. Instead, the court held that there was no evidence that Green Tree was a party to a contract with the Steeles or that the Steeles had met their contractual obligations under the note. *Id.* It was therefore unnecessary for the court to address the Steeles's argument regarding whether Green Tree breached the deed of trust by appointing a substitute trustee. Because the court did not err in dismissing the Steeles's breach of contract claim, it denies their motion in this respect as well.

Treating the Steeles's November 9, 2010 motion for new trial as a Rule 59(e) motion to alter or amend the judgment, the motion

is denied.

**SO ORDERED.**

December 30, 2010.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE